```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 ALONZO WILLIAMS, RHYTHM CITY      :
 ENTERTAINMENT,                    :
                                   :
                       Plaintiffs, :       1:20-cv-2684-GHW
            -against-              :
                                   :              ORDER
 DANIELLE CARTY, GIOVANESSA        :
 RODRIQUEZ, JANE DOES 1-24,        :
                                   :
                                   :
                      Defendants.  :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2020

GREGORY H. WOODS, United States District Judge:

On July 1, 2020, the Court issued an order to show cause why this case should not be dismissed for failure to serve process within the time allowed by Federal Rule of Civil Procedure 4(m). Dkt. No. 7. The Court directed Plaintiff to respond to that order no later than July 6, 2020. In response, Plaintiffs stated that they were voluntarily dismissing their action "pursuant to Federal Rule of Civil Procedure 4(m)." Dkt. No. 8.[1]

While Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m), "[g]ood cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (citation omitted). Where Plaintiffs do not give any reason why their failure to serve should be excused for good cause, dismissal is appropriate. *See, e.g., Astarita v. Urgo Butts & Co.*, 96-cv-6991 (PKL), 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997) (dismissing complaint where "Plaintiff ha[d] not argued or shown that her failure to serve should be

---

[1] The Court suggests that Plaintiffs take another look at Federal Rule of Civil Procedure 4 and compare it with Rule 41. While Rule 41 permits for voluntary dismissal, Rule 4(m) provides the rules governing service of process.

overlooked for 'good cause' or should be deemed to result from excusable neglect."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun*, 93-cv-7170 (LAP,) 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994) (dismissing complaint where plaintiff "ma[de] no attempt to establish 'good cause' or 'excusable neglect' for its failure to serve. . . ."). Here, Plaintiffs have not requested an extension of time to serve the defendants, and have failed to provide any reason for their failure to timely serve them in the first place. Accordingly, Plaintiffs' claims against all defendants are dismissed without prejudice.

     Plaintiff is directed to serve a copy of this order on all Defendants and to retain proof of service.

     The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.

     SO ORDERED.

Dated: July 6, 2020

                                                   GREGORY H. WOODS
                                                 United States District Judge